# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Terry Brady Klock, | ) | Case No. 1:16-cr-247 |
| | ) | |
| Defendant. | ) | |

Before the court is a "Motion to Reconsider Order of Detention" filed by defendant on December 22, 2016. Defendant was ordered detained following a hearing on October 12, 2016. Defendant now requests to be conditionally released and permitted to reside with his mother. In so doing, he stresses that he now been sober for five months. He further advises that he intends to seek custody of his child, who he states was removed from the mother's care and placed with a maternal uncle in October 2016 by the Family Court for the State of New York, Monroe County. His aim is bring his child to North Dakota to reside with his mother/his child's grandmother.

The Government filed a response in opposition to defendant's motion on January 6, 2017. It avers, inter alia, that continued detention of defendant is warranted given the nature of his pending charges, the testimony presented at defendant's detention hearing, defendant's criminal history, and defendant's history of substance abuse. The court agrees.

Although the court appreciates defendant's concern regarding the custodial status of his child it is not inclined to conditionally release defendant to his mother's residence. First, there is the uncertainty of defendant's intended custody request, particularly in light of his pending charges. Second, the facts asserted by defendant in his motion do not evidence a material change in his risk of flight or the danger he poses to the community. Third, although defendant has endured a period

1

of forced sobriety due to his incarceration, his request to simply be released back into the community on conditions would not appropriately mitigate the risk of relapse and a return to similar behavior. Finally, defendant's motion reflects a desire to have the child live with defendant's mother. Defendant does not indicate why that result could only be accomplished with his release. Accordingly, defendant's motion (Docket No. 39) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 20th day of January, 2017.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court